# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14CR00006 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DEWAYNE RESHARD ROBINSON,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Timothy W. McAfee, Timothy W. McAfee, PLLC, Big Stone Gap, Virginia, for Defendant.*

The defendant has filed a pretrial motion seeking dismissal of two counts of the Superseding Indictment on the ground that they are multiplicitous.  A multiplicitous indictment charges the same offense in more than one count and is thus defective.  *See* Fed. R. Crim. P. 12(b)(3)(B)(ii).  The motion has been briefed and is ripe for decision.

The counts at issue of the Superseding Indictment charge in pertinent part as follows:

<u>COUNT ONE</u>

The Grand Jury charges that:

1.  On or about and between June 28, 2013 and July 5, 2013, in the Western District of Virginia and elsewhere, DEWAYNE RESHARD ROBINSON, Danielle Marie Morris, and others

conspired to possess with intent to distribute and to distribute heroin, a Schedule I controlled substance.

    2.  All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

<u>COUNT TWO</u>

    The Grand Jury charges that:

    1.  On or about and between June 28, 2013 and July 5, 2013, in the Western District of Virginia and elsewhere, DEWAYNE RESHARD ROBINSON, Danielle Marie Morris, and others conspired to provide to an inmate and, while being an inmate of a prison, to obtain a prohibited object, specifically heroin, a narcotic drug as defined in 21 U.S.C. § 802(17), in violation of Title 18, United States Code, Sections 1791(a) and 1791(b)(1).

(Superseding Indictment, ECF No. 40.)

I agree with the government that the Superseding Indictment is not multiplicitous. Although both charges stem from the same events, they are not the same for double jeopardy purposes since they require different proofs. *See United States v. Talib*, 347 F. App'x 934, 938-39 (4th Cir. 2009) (unpublished) (holding that indictment was not multiplicitous where, as here, separate counts charged conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and conspiracy to provide and possess same substance as contraband in prison, in violation of 18 U.S.C. § 1791(a) and 1791(b)(1)), *cert. denied*, 559 U.S. 1055 (2010). Even if there was multiplicity, it could be corrected following a jury verdict, if necessary,

without prejudice to the defendant. *See United States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000).

For these reasons, the defendant's Motion to Dismiss Count 2 of Indictment (ECF No. 51) and Amended Motion to Dismiss Indictment (ECF No. 56) are DENIED.

It is so **ORDERED**.

ENTER:  December 5, 2014

/s/  James P. Jones
United States District Judge