## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14CR00006 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DEWAYNE RESHARD ROBINSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Dewayne Reshard Robinson, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After being found guilty by a jury, the defendant was sentenced by this court on August 21, 2015, to a total term of 132 months imprisonment, consisting of 132 months on each of Counts One, Two, and Three of the Superseding Indictment, to run concurrently. Count One charged the defendant with conspiring to possess with the intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); Count Two charged him with conspiring to provide a prohibited object to an inmate and, while being an inmate of a prison, to obtain a prohibited object, in violation of 18 U.S.C. §§ 1791(a) and (b)(1); and Count Three

charged him with, as an inmate of a prison, attempting to obtain a prohibited object, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1).

In his § 2255 motion, the defendant contends that his sentence should be set aside because (1) his counsel was ineffective during the plea process because he (a) failed to conduct an investigation into the facts and law prior to advising him to proceed to trial, (b) failed to advise him that he was likely to be convicted due to the overwhelming weight and quality of the government's evidence, (c) failed to advise him of the law relevant to his determination of how to plead, and (d) failed to advise him that the court could impose a sentence above the guideline range if he rejected the government's plea agreement offer of a "4 year cap" on his sentence; (2) his counsel was ineffective during the pretrial stage because he (a) failed to advise him to proceed to a bench trial on stipulated facts and (b) failed to advise him of the requirements for obtaining a sentence reduction for acceptance of responsibility via a bench trial on stipulated facts; (3) his counsel was ineffective during the trial, sentencing, and appellate stages due to multiple alleged deficiencies and errors; and (4) his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such

sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. If a defendant cannot satisfy the prejudice prong, the

reviewing court need not consider the performance prong. *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

The right to effective assistance of counsel extends to plea negotiations. *See Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To satisfy the prejudice prong where a defendant rejected a plea offer and was convicted at trial, the defendant must show that:

> there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

As to Robinson's allegations regarding his counsel's performance during the plea process, I find that he fails to satisfy the prejudice prong of *Strickland*. Robinson contends that he was prejudiced by his counsel's alleged failures during the plea process because he otherwise would have accepted a plea offer from the government capping his sentence at four years. He argues that there is a reasonable probability that, had he done this, his sentence would have been less severe because he would have received a downward adjustment in his offense level

in accordance with the U.S. Sentencing Guidelines Manual for acceptance of responsibility, and he would not have received a sentence enhancement for obstruction of justice.

Robinson's allegation that he was prejudiced because he did not accept the government's offer of a sentence capped at four years is refuted by the declaration of his counsel and its exhibits. These documents reveal that such an offer never existed. Although an agreement with a four-year cap was discussed between counsel via email, the government rejected it. Thus, Robinson has not shown a reasonable probability that the offer he would have accepted would have been presented to the court.

Moreover, even assuming that Robinson would have accepted the government's only actual proposed agreement, which Robinson contends he understood to contain a four-year cap, he fails to show that his sentence would have been less severe. Although Robinson contends that in this scenario, he would have received a reduction in his sentence for acceptance of responsibility, he has not demonstrated a reasonable probability of this outcome. The sentencing guidelines "expressly reject" a "cause-and-effect relationship between pleading guilty and receiving the . . . reduction for acceptance of responsibility." *United States v. Faubion*, 19 F.3d 226, 229 (5th Cir. 1994). In addition, at trial Robinson testified under oath that he had no knowledge of the evidence of his conduct

contained in the Superseding Indictment. His failure to accept responsibility during trial suggests that he would not have received a reduction for acceptance of responsibility at sentencing. *See Ruiz-Castillo v. United* States, Nos. 1:12CV837, 1:08CR20-2, 2015 WL 4644679, at *3 (M.D. N.C. Aug. 4, 2015) ("[T]his court will not countenance permitting a defendant to deny allegations under oath at trial and, following the verdict, claim he was guilty of the offense in an effort to belatedly obtain the benefits of a plea bargain . . . ."). Robinson's argument that his sentence would have been less severe because he would not have received an enhancement for obstruction of justice is also unpersuasive. Robinson received this enhancement because he committed perjury at trial, and he may not escape the consequences of having done so by arguing that his counsel's performance was ineffective in matters unrelated to his perjury.

I also note that Robinson was ultimately sentenced significantly above his guideline range due to his serious criminal history and the nature and circumstances of his crime.[1] Thus, it is not true that "the Court would have looked at Mr. Robinson in an entirely different light at sentencing if he'd have pleaded instead of proceeding to trial, testifying and being found guilty." Movant's Reply 12, ECF No. 185.

---

[1] Robinson's guideline range was 46 to 57 months incarceration.

Robinson's allegations regarding his counsel's pretrial performance, which center on counsel's alleged failure to advise him regarding the possibility of a bench trial on stipulated facts, also fail to satisfy *Strickland's* prejudice prong. Robinson argues that he was prejudiced because he would have proceeded to a bench trial on stipulated facts, and thus he would have been eligible for a sentence reduction for acceptance of responsibility and he would not have taken the witness stand and "exposed himself, thereby, to obstruction of justice." Mot. to Vacate Sentence 16, ECF No. 164. Robinson has not shown a reasonable probability that a bench trial on stipulated facts would have been available to him, nor has he has shown that his case is one of the "rare situations in which a defendant who proceeds to trial may still be entitled to an acceptance of responsibility reduction." *United States v. Jones*, 233 F. App'x 273, 280 (4th Cir. 2007) (unpublished) (internal quotation marks and citation -omitted); *see also Leon-Sanchez v. United States*, Nos. 5:06CV146-V-02, 5:03CR32-V, 2008 WL 2968086, at *7 (W.D. N.C. July 25, 2008) (noting that securing a bench trial on stipulated facts would not have guaranteed the defendant a reduction for acceptance of responsibility). In addition, Robinson's argument regarding his obstruction of justice enhancement fails for the reasons stated above.

Robinson's allegations regarding his counsel's errors and deficiencies during his trial, sentencing, and appeal are largely vague and conclusory. He alleges that

counsel failed to move for suppression of evidence, present exculpatory evidence, request and object to jury instructions, object to unreliable evidence used at sentencing, and present the strongest issues for appeal. However, he does not identify any of the specific evidence, jury instructions, or appellate issues to which he alludes. He also asserts that counsel labored under an actual conflict of interest, but he does not identify this conflict. These conclusory allegations fail to state a cognizable claim for relief.

Robinson's only nonconclusory allegation regarding his counsel's performance at trial is that counsel failed to advise him as to the facts and law relevant to his decision to testify by calling him to testify without preparation or purpose, or advising him of the potential adverse consequences of testifying. However, Robinson again fails to show a reasonable probability that but for this alleged error, the outcome of the proceeding would have been different. Before Robinson took the stand, the court advised him that he had the right not to testify and if he did not testify, the jury would be instructed not to hold it against him. The court also advised him that he had the right to testify, and that there are risks in doing so. Robinson stated that he understood this advice and still wanted to testify.

Lastly, Robinson's bare assertion that his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments is vague and conclusory and fails to state a claim for relief.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED:  May 1, 2019

/s/  James P. Jones
United States District Judge